Judge: Christopher M. Alston
Chapter: Chapter 7

# IN THE UNITED STATES BANKRUTPCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

OCEAN SUSHI, INC.,

                            Debtor.

EDMUND J. WOOD, solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of Ocean Sushi, Inc.,

                            Plaintiff,

                            v.

CHANG DE LIN and HUI RU DONG, husband and wife, and the marital community composed thereof,

and

MIZUKI CORPORATION,

                            Defendants.

Case No. 19-13394-CMA

COMPLAINT

## I. INTRODUCTION

EDMUND J. WOOD, solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of Ocean Sushi, Inc., by and through his undersigned counsel complains as set forth below.

## II. JURISDICTION AND VENUE

2.1 This is an action to recover estate property by compelling turnover of property and avoiding fraudulent transfers of the estate and thus is a "core proceeding" pursuant to 28 U.S.C. §157(b)(2) (E), (H) and (O).

COMPLAINT

Page 1

**Wood & Jones, PS**
303 N 67th Street
Seattle, WA 98103
(206) 623-4382

Case 21-01058-CMA    Doc 1    Filed 09/11/21    Ent. 09/11/21 13:24:40    Pg. 1 of 14

2.2    This Court has jurisdiction to hear this complaint pursuant to 28 U.S.C. §157(a) and (b), 1334(a) and (b), and 11 U.S.C. §§105, 510, and 542, 544, 547, 548, 550 and 551.

2.3    This matter has been referred to the Bankruptcy Judges of the District pursuant to General Rule 7 of the Rules for the United States District Court for the Western District of Washington.

2.4    Venue is proper under 28 U.S.C. §1409.

### III.    PARTIES

3.1    <u>Debtor</u>.  Ocean Sushi, Inc. ("the Debtor") filed a voluntary Chapter 7 petition on September 12, 2019 ("Petition Date").

3.2    <u>Trustee</u>.  Edmund J. Wood was appointed as the Chapter 7 Trustee ("Trustee") for the case on September 12, 2019.  The Trustee is authorized to bring this action pursuant to §§ 105, 544, 547, 548, 550 and 551 of the Bankruptcy Code and does so solely in his capacity as Trustee for the Ocean Sushi estate.

3.3    <u>Defendants - Chang De Lin and Hui Ru Dong.</u>  Chang De Lin and Hui Ru Dong are residents of the State of Washington.  They are husband and wife, and any act done by one was done for the benefit of the marital community.

3.4    <u>Defendant Mizuki Corporation.</u>  Defendant Mizuki Corporation is incorporated in the State of Washington and is in good standing.

### IV. STATEMENT OF FACTS

**Ocean Sushi, Inc.**

4.1    Ocean Sushi, Inc. was incorporated in the State of Washington on August 18, 2007. The sole member was listed as Chang De Lin. The original Registered Agent was listed

COMPLAINT

Page 2

**Wood & Jones, PS**
303 N 67th Street
Seattle, WA  98103
(206) 623-4382

as Diana Long with a contact email address of Fidelityaccounting168@Yahoo.com. Diane Long was the Debtor's accountant at Fidelity Tax Services ("Fidelity").

4.2     The Debtor did business as Mika Japanese Buffet.

4.3     The Principal of the Debtor, Chang De Lin ("Mr. Lin"), is married to Hui Ru Dong ("Ms. Dong").

4.4     On June 27, 2007, Mr. Lin and Ms. Dong entered into a lease with Harsch Investment Properties, LLC. ("Landlord") for commercial real property located at 1426 S. 324th Street, Federal Way, Washington 98003 ("Federal Way Property").

4.5     On February 5, 2008, Mr. Lin, Ms. Dong, and the Landlord executed an Assignment and Assumption of Lease assigning the lease to the Debtor. The address used for notices for Mr. Lin, Ms. Dong, and the Debtor was 5580 Martin Way East, Lacey, Washington, 98516.

4.6     Prior to September 30, 2018, the Debtor had assets of approximately $950,000, for which it took depreciation deductions on its IRS Form 4562. The assets included furniture, food prep equipment, POS system, leasehold improvements, remodeling, signage, equipment, coolers, and other restaurant equipment.

4.7     Kai Ming Wah has worked for the Debtor since at least 2013. He was in control of the Debtor. He was a signatory on the bank account and listed as a Manager on the Bank of America bank account statement.  Tsui Cheng is also listed as a manager of the Debtor.  Kai Ming Wah, Tsui Cheng and Mr. De Lin are insiders of the Debtor as defined in § 101(31)(B)(ii).

**Ocean Sushi Tax Problems**

4.8     On October 27, 2016, the Debtor was notified by the State of Washington Department of Revenue that it was being audited for the period of January 1, 2013, to September 30, 2016, and that the audit was scheduled for February 13, 2017.

COMPLAINT

Page 3

**Wood & Jones, PS**
303 N 67th Street
Seattle, WA  98103
(206) 623-4382

Case 21-01058-CMA    Doc 1    Filed 09/11/21    Ent. 09/11/21 13:24:40    Pg. 3 of 14

4.9 In 2017 the IRS started an audit of the Debtor's 2014 and 2015 tax returns.

4.10 Sometime prior to August 28, 2018, the Debtor was notified that it owed the IRS $266,476.86 for the tax year 2016. The Debtor did not respond. On August 28, 2018, the IRS sent the Debtor a Notice of Levy in the amount of $266,476.86.

4.11 The Internal Revenue has filed a proof of claim for the following years in the following amount for unpaid 1120 taxes:

| **Year** | **Amount Owing** | **Status** |
| --- | --- | --- |
| 2014 | $179,089.66 | General unsecured claim |
| 2015 | $222,494.98 | General unsecured claim |
|  | $107,975.37 | Interest on general unsecured claim |
| 2016 | $190,888.59 | §507(a)(8) claim |
| 2017 | $41,989.55 | §507(a)(8) claim |
| 2018 | $39,827.10 | §507(a)(8) claim |
|  | $56,210.00 | penalties on §507(A)(8) claims |
| TOTAL: | $838,475.25 |  |

4.12 At some point in time Mr. Lin decided to sell the Mika Japanese Buffet business. Mr. Lin testified at the Debtor's § 341 meeting the business was sold because of the tax problems, and the IRS told him he had to sell it.

4.13 Upon information and belief, the Plaintiff alleges that Mr. Lin did not hire a business broker or advertise the business for sale. Rather, he testified that he sold the business to a friend. The friend was Kai Ming Wah.

**Sale of the Debtor's Business**

4.14 On or about September 30, 2018, the Debtor and Mika, Inc. entered into a Sales Agreement for the purchase of the business upon these terms:

COMPLAINT

Page 4

**Wood & Jones, PS**
303 N 67th Street
Seattle, WA 98103
(206) 623-4382

Case 21-01058-CMA    Doc 1    Filed 09/11/21    Ent. 09/11/21 13:24:40    Pg. 4 of 14

A. Payment of $2,000 to the Debtor;

B. Mika's Assumption of the lease on the Federal Way Property.

C. The Debtor's security deposit of $17,126.00 did not have to be returned to the Debtor, but would remain as the security deposit for Mika, with Mika having to pay an additional $2,699.00 as an additional security deposit;

D. Assumption of a debt on inventory purchased from B&L Trading in the amount of $87,217.37[1];

E. Assumption of a debt for plumbing issues associated with the lease. There is no statement of how much that debt was or if it was ever paid.

4.15 B&L Trading, LLC is incorporated in the State of Washington and operates under that name as well as the names Big Sea Trading, LLC, and Long Chang Trading.

4.16 Upon information and belief the Plaintiff alleges that the Debtor did not owe B & L Trading $87,217.37.

4.17 The Debtor did not receive reasonably equivalent value in exchange for the transfer.

4.18 Upon information and belief, De Lin remained involved in the operation of Mika Chinese Buffet after it was sold.

**Mizuki Corporation**

4.19 On March 31, 2010, Mizuki Corporation was incorporated in the State of Washington. The Initial Report lists the only officer as the President, Ms. Dong. The last Annual Report was filed on March 26, 2021, and Ms. Dong is still listed as the sole Governor.

4.20 The Debtor made transfers to or for the benefit of Mizuki corporation of at least $45,000.

---

[1] The Sales Agreement says a list is attached, but there is no list attached.

COMPLAINT

Page 5

Wood & Jones, PS
303 N 67th Street
Seattle, WA 98103
(206) 623-4382

4.21 The Debtor did not receive reasonably equivalent value in exchange for the transfers made to or for the benefit of Mizuki Corporation.

**Transfers and withdrawals to Chang De Lin**

4.22 The Debtor made transfers by check or cash to or for the benefit of Chang De Lin in an amount of not less than $239,050.70. The Debtor did not receive reasonably equivalent value in exchange for the transfers.

**Transfers made to or for the benefit of Defendants Lin**

4.23 **Airlines.** The Debtor made payments to various airlines totaling $17,839.90. The Debtor did not receive reasonably equivalent value in exchange for the payments. To the extent the transfers were made for the benefit of the Defendants Lin, they are liable to the estate for those transfers.

4.24 **Automotive.** The Debtor made payments for automobiles totaling $17,688.83. The Debtor did not receive reasonably equivalent value in exchange for the payments. To the extent these transfers were made for the benefit of Defendants Lin, they are liable to the estate for those transfers.

4.25 **Apartments – Rents.** The Debtor made payments for rent to several apartment complexes totaling $62,927.34. The Debtor did not receive reasonably equivalent value in exchange To the extent these transfers were made for the benefit of Defendants Lin they are liable to the estate for those transfers.

**Miscellaneous**

4.26 **JK Monarch**. On July 11, 2016, the Debtor made check #5413 payable to JK Monarch in the amount of $5,661.00. Upon information and belief, the Plaintiff alleges that the Debtor owed no obligation to JK Monarch and did not receive reasonably equivalent value

COMPLAINT

Page 6

**Wood & Jones, PS**
303 N 67th Street
Seattle, WA 98103
(206) 623-4382

Case 21-01058-CMA    Doc 1    Filed 09/11/21    Ent. 09/11/21 13:24:40    Pg. 6 of 14

in exchange for the transfer. To the extent these transfers were made for the benefit of Defendants Lin they are liable to the estate for those transfers.

4.27 **Matrix Wealth Management.** On August 4, 2016, the Debtor made check #5475 payable to Matrix Wealth Management in the amount of $1,834.00. Upon information and belief, the Plaintiff alleges that the Debtor owed no obligation to Matrix Wealth Management and did not receive reasonably equivalent value in exchange for the transfer. To the extent these transfers were made for the benefit of Defendants Lin they are liable to the estate for those transfers.

4.28 **Bank of America.** The Debtor made transfers to Bank of America in payment of a credit card in the amount of $14,412.80. Upon information and belief, the Plaintiff alleges that the Debtor had no obligation to Bank of America on the credit card and did not receive reasonably equivalent value in exchange for the transfers to Bank of America. To the extent these transfers were made for the benefit of Defendants Lin they are liable to the estate for those transfers.

4.29 Upon information and belief the Plaintiff alleges that there were other transfers made by the Debtor to or for the benefit of Defendants Wah and/or Cheng.

**INSOLVENCY**

4.30 In 2014, the Debtor was unable to pay its debts as they came due, which is evidenced by the outstanding obligation of $179.089.66 owed to the IRS.

4.31 By 2015 the Debtor was insolvent. The Debtor's 2015 tax returns show that at the beginning of 2015 there was an outstanding shareholder loan of $210,518. During 2015, $153,118.00 of that loan was repaid. At the end of 2015, the amount owing on the shareholder loan was $57,400.

COMPLAINT

Page 7

**Wood & Jones, PS**
303 N 67th Street
Seattle, WA 98103
(206) 623-4382

Case 21-01058-CMA    Doc 1    Filed 09/11/21    Ent. 09/11/21 13:24:40    Pg. 7 of 14

4.32    In 2015 the assets of the Debtor were listed as $442,690 and the liabilities were listed as $64,296.00. However, the liabilities did not include the unpaid 2014 corporate tax obligation owed to the IRS of $170,089.66 nor the 2015 IRS tax obligation in the amount of $222,494.98, which, when combined with the $64,296 total $465,880.64.

4.33    The Debtor's 2016 tax return shows that the Debtor owed $265,087 in taxes but it had only paid $36,817 and thus owed the IRS $228,419, including an estimated tax penalty of $149.00. The Debtor's 2016 Form 1120, Schedule L lists unpaid obligations for sales tax in the amount of $22,343, wages in the amount of $28,421, payroll taxes of $15,299 and the IRS obligation of $228,270 for total unpaid obligations of $294,333. This does not include the unpaid amount owed for 2014 and 2015 of $401,584.64, not including interest. The Debtor was insolvent and/or was not paying its debts as they became due in 2016.

4.34    The Debtor's 2017 tax returns show that the Debtor owed total tax of $38,936 and had made payments during that year of zero, and with the estimated penalty of $1,244 it owed $40,180.00. The Debtor's 2017 tax return shows other current liabilities of $324,152 which includes $30,457 of sales tax, $53,843 of wages, $23,346 of payroll tax and $226,506 in income payable. This does not include the $40,180 owed for 2017, nor the $401,584.64 owed for 2014 and 2015 corporate taxes. In 2017 the Debtor was insolvent and/or not paying its creditors, including the IRS, as its debts became due.

4.35    The Debtor's 2018 tax return shows that it owed income tax of $8,031 and had paid zero, owed $278 in a tax penalty for unpaid 2018 corporate taxes of $8,309. The Debtor's tax return shows assets of $200,717 and liabilities of $1,040,132.

4.36    The Debtor was not only insolvent, but it was also not paying its debts as they became due.

### V. FIRST CAUSE OF ACTION – TURNOVER OF PROPERTY OF THE ESTATE 11 U.S.C. § 542

COMPLAINT

**Wood & Jones, PS**
303 N 67th Street
Seattle, WA  98103
(206) 623-4382

Page 8

**(ALL DEFENDANTS)**

5.1     Paragraphs I through IV and all subsections thereof are hereby repeated and incorporated as though fully set forth herein.

5.2     The Defendants are in possession, custody, or control of property of the estate that the Plaintiff may use that the Trustee could use under 11 U.S.C. §542(a).

**VI. SECOND CAUSE OF ACTION FRAUDULENT CONVEYANCES
11 U.S.C. §544 AND RCW 19.40.
(ALL DEFENDANTS)**

6.1     Paragraphs I through V and all subsections thereof are hereby repeated and incorporated as though fully set forth herein.

6.2     The Transfers made by the Debtor to the Defendants are avoidable pursuant to RCW 19.40.010 et. seq.

6.3     The Transfers by the Debtor to the Defendants were made with actual intent to hinder, delay, or defraud creditors of the Debtor. Specifically, the Debtor was aware that it owed no funds to the Defendants and knew that paying these Defendants would hinder, delay, or impair its ability to pay obligations owed to its legitimate creditors, such as the IRS.

6.4     The Transfers by the Debtor to the Defendants were made without the Debtor receiving reasonably equivalent value in exchange for the Transfers.

6.5     The Transfers by the Debtor to the Defendants caused the Debtor to engage or thereafter engage in business for which the remaining assets of the Debtor were unreasonably small in relation to the business or transactions.

6.6     The Transfers by the Debtor to the Defendants should have caused the Debtor to believe that it would incur debts beyond its ability to pay as they became due.

6.7     The Debtor was insolvent on the date of each and every one of the Transfers. Alternatively, the Debtor became insolvent as a result of the Transfers.

COMPLAINT

**Wood & Jones, PS**
303 N 67th Street
Seattle, WA 98103
(206) 623-4382

Page 9

Case 21-01058-CMA    Doc 1    Filed 09/11/21    Ent. 09/11/21 13:24:40    Pg. 9 of 14

## VII. THIRD CAUSE OF ACTION: FRAUDULENT TRANSFERS UNDER § 548 OF THE BANKRUPTCY CODE
(ALL DEFENDANTS)

7.1 Paragraphs I through VI and all subsections thereof are hereby repeated and incorporated as though fully set forth herein.

7.2 The Transfers set forth in paragraphs IV above were made to and/or for the benefit of the Defendants.

7.3 The Debtor did not receive reasonably equivalent value in exchange for the Transfers.

7.4 The Debtor was insolvent on the date of each of the Transfers.

7.5 The Transfers to the Defendants were made with actual intent to hinder, delay, and defraud creditors to whom the Debtor was indebted before or after the date of the Transfers. Specifically, the Debtor was aware that it owed no funds to the Defendants and knew that paying these Defendants would hinder, delay, or impair its ability to pay obligations owed to its legitimate creditors, such as the IRS.

7.6 The Transfers to the Defendants are therefore avoidable pursuant to 11 U.S.C. §548.

7.7 The Plaintiff may recover the value of the Transfers under 11 U.S.C. §550.

## VIII. FOURTH CAUSE OF ACTION FOR AVOIDANCE OF FRAUDULENT TRANSFERS UNDER FEDERAL LAW
(ALL DEFENDANTS)

8.1 Paragraphs I through VII and all subsections thereof are hereby repeated and incorporated as though fully set forth herein.

8.2 As described above, the Debtor improperly and fraudulently made the Transfers to or for the benefit of the Defendants.

COMPLAINT

Wood & Jones, PS
303 N 67th Street
Seattle, WA 98103
(206) 623-4382

Page 10

Case 21-01058-CMA    Doc 1    Filed 09/11/21    Ent. 09/11/21 13:24:40    Pg. 10 of 14

8.3 At the time of the Transfers set forth above the Debtor and its principals knew it had significant outstanding liabilities owed to the IRS.

8.4. The Transfers were made to or for the benefit of the Defendants.

8.5 The Debtor made the Transfers with the actual intent to hinder, delay, or defraud the creditors or future creditors of the Debtor.

8.6 The Transfers set forth above were to or for the benefit of insiders of the Debtor.

8.7 The Debtor did not retain possession or control of the Transfers after the Transfers were made.

8.8 The Transfers were not disclosed, but rather concealed, from the public and Debtor's creditors because the Debtor is a privately held company.

8.9 The Debtor concealed assets from its present and future creditors through the Transfers.

8.10 At the time the Transfers were made, or thereafter, the United States of America was (or later became) a creditor of the Debtor.

8.11 The United States of America (the "United States") is a creditor of the Debtor holding a Section 507 priority claim against the Debtor in the amount of $272,705.24, an unsecured claim against the Debtor in the amount of $401,585.03, and a §726(a)(4) penalty claim in the amount of $164,085.87. The IRS would have a right under applicable non-bankruptcy law, including without limitation, 28 U.S.C. §3304(b), to avoid the Transfers.

8.12 The Debtor was effectively insolvent at the time of the Transfers or became insolvent after the Transfers because of the hundreds of thousands of dollars owed to the IRS.

8.13 The Transfers occurred shortly before or shortly after substantial debts were continuously being incurred with respect to Debtor's unpaid tax liabilities.

COMPLAINT

Page 11

**Wood & Jones, PS**
303 N 67th Street
Seattle, WA 98103
(206) 623-4382

Case 21-01058-CMA    Doc 1    Filed 09/11/21    Ent. 09/11/21 13:24:40    Pg. 11 of 14

8.14  At the time of the Transfers, the Debtor was not able to pay its debts and liabilities as they became due.

8.15  At the time of the Transfers, the sum of the Debtor's debts including its tax liabilities was greater than all of the Debtor's assets.

8.16  As a result of the Transfers, the Debtor and its creditors have been harmed and damaged.

8.17  The Defendants benefited from the fraudulent conveyance of the Transfers.

8.18  Under 11 U.S.C. §544(b)(1) a trustee may "step into the shoes" of an unsecured creditor to recover transfers such actual creditor would have been able to recover save for the filing of the bankruptcy case.

8.19  A trustee's action under § 544(b) is timely if the unsecured creditor's claim may be timely brought under the applicable law including, but not limited to, 28 U.S.C. § 3306(b)(1), which provides that the United States may bring an action to avoid a transfer done with actual intent to hinder, delay, or defraud a creditor within two years after the transfer was, or reasonably could have been, discovered by the claimant.  This claim is timely pursuant to 11 U.S.C. § 546(a).

8.20  The fraudulent nature of the Transfers was not and could not reasonably have been discovered by the Debtor's creditors, including without limitation, the United States, or the Plaintiff until after the Petition date.

8.21  Under 22 U.S.C. §544, a transaction that is voidable by a single, actual unsecured creditor may be avoided in its entirety, regardless of the size of the creditor's claim. In other words, even if the triggering creditor is owed only a nominal amount, the entire transfer can be avoided and used to satisfy claims of creditors.

COMPLAINT

Page 12

**Wood & Jones, PS**
303 N 67th Street
Seattle, WA  98103
(206) 623-4382

Case 21-01058-CMA    Doc 1    Filed 09/11/21    Ent. 09/11/21 13:24:40    Pg. 12 of 14

8.22    Under 11 U.S.C. §§544(b), 550(a) and 551, 28 U.S.C. § 3304, and/or other applicable law, Plaintiff is entitled to avoid and recover the Transfers or value of the distributions transferred to the Defendants, with interest, and preserve the recovered Transfers for the benefit of the estate.

8.23    Plaintiff is entitled to a judgment against the Defendants in an amount to be determined at trial, plus interest.

### IX. FIFTH CAUSE OF ACTION: BREACH OF FIDUCIARY DUTIES
### (DEFENDANT DE LIN)

9.1.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs I through VIII above.

9.2.    Defendant De Lin was the President and owner of the Debtor and owed fiduciary duties to the Estate and the creditors thereof.

9.3.    Defendant De Lin breached those fiduciary duties by, among other things, participating in the activities described herein which were in violation of his fiduciary duties owed to the Debtor

9.4.    As a proximate result of said breaches, the Plaintiff was irreparably harmed and/or sustained damages in amounts to be proven at trial.

### X. SIXTH CAUSE OF ACTION:
### PRESERVATION OF AVOIDED TRANSFERS
### (ALL DEFENDANTS)

10.1    Sections I through IX are hereby repeated and incorporated as though set forth herein.

10.2    Any and all transfers avoided under the claims for relief in this complaint are preserved for the benefit of the estate pursuant to 11 U.S.C. §§ 550 and 551.

### XI.   PRAYER FOR RELIEF

11.1    The Plaintiff asks for the following relief:

COMPLAINT

**Wood & Jones, PS**
303 N 67th Street
Seattle, WA  98103
(206) 623-4382

11.2     That the Court determine that the property of the estate referenced above in the possession or control of the Defendants must be turned over to the Trustee pursuant to Section 542 of the Bankruptcy Code.

11.3     That the Court find the transfers of the Debtor's Property as set for above, constituted fraudulent transfers that should be avoided and award judgment to the Plaintiff pursuant to §§ 544(b), 548, 550(a), RCW 19.40.et. seq. and the FDCPA, including but not limited to 29 U.S.C. § 3304. The Plaintiff seeks a judgment against Mizuki Corporation in the amount of no less than $45,000. The Plaintiff seeks a judgment against De Lin and Dong in an amount of no less than $239,050.70, plus the amount that are attributable to them for the transfers set forth in paragraph 4.22 through 4.29.

11.4     A finding that Defendant De Lin violated the fiduciary duty he owed to the Debtor and a judgment for the damages resulting therefrom.

11.5     A finding that all transfers avoided are preserved for the benefit of the estate.

11.6     That the Court enter an order consistent with this Complaint.

Dated this 11th day of September 2021.

            WOOD & JONES, P.S.

            */s/ Denice E. Moewes*
            Denice E. Moewes, WSB #19464
            Attorney for Chapter 7 Trustee
            Edmund J. Wood

COMPLAINT

Page 14

**Wood & Jones, PS**
303 N 67th Street
Seattle, WA 98103
(206) 623-4382

Case 21-01058-CMA    Doc 1    Filed 09/11/21    Ent. 09/11/21 13:24:40    Pg. 14 of 14